IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Darryl Frierson, | Civil Action No. 8:18-2111-BHH |
| Petitioner, | |
| vs. | **OPINION AND ORDER** |
| Charles Williams, Warden, | |
| Respondent. | |

This matter is before the Court for review of the Report and Recommendation entered by United States Magistrate Judge Jacquelyn D. Austin on March 25, 2019 ("Report"). (ECF No. 36.) In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02 for the District of South Carolina, this case was referred to Magistrate Judge Austin to review Petitioner Darryl Frierson's ("Petitioner") 28 U.S.C. § 2254 petition for habeas relief, to handle pretrial matters, and to submit findings and recommendations to the Court. In her Report, the Magistrate Judge recommends that Respondent Warden Charles Williams' ("Respondent") motion for summary judgment (ECF Nos. 12 & 13) be granted. (*See* ECF No. 36 at 2.) The Report sets forth in detail the relevant facts and standards of law, and the Court incorporates them here without recitation.[1]

## **BACKGROUND**

The Magistrate Judge entered her Report on March 25, 2019, recommending that Defendant's motion for summary judgment (ECF Nos. 12 & 13) be granted and that

---

[1] As always, the Court says only what is necessary to address Petitioner's objections against the already meaningful backdrop of a thorough Report and Recommendation by the Magistrate Judge; exhaustive recitation of law and fact exists there.

1

Petitioner's habeas petition (ECF No. 1) be denied. (ECF No. 36 at 29.) Petitioner filed objections on June 5, 2019. (ECF No. 46.) Defendant filed a reply to Petitioner's objections on June 18, 2019. (ECF No. 51.) The matter is ripe for consideration and the Court now makes the following ruling.

## **STANDARD OF REVIEW**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). In the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

## **DISCUSSION**

The Court declines to repeat the cogent analysis of the Magistrate Judge with regard to every aspect of each Ground for relief and will confine its analysis of the Report to those portions about which Defendant raises an objection.

**A. Ground One**

The Magistrate Judge found that Ground One—in which Petitioner contends that his plea of guilty was not knowingly, intelligently, and voluntarily made in violation of

2

Federal Rule of Civil Procedure 11—fails to raise a cognizable federal habeas claim. (ECF No. 36 at 16–17.) Accordingly, the Magistrate Judge recommends that Respondent be granted summary judgment on this claim. (*Id.* at 17.)

In his objections, Petitioner concedes that "the Magistrate Judge is right in reference to Rule 11, . . . and it should not be used to make a claim, and the state court do not have to follow that rule . . . ." (ECF No. 46 at 1 (errors in original).) Nevertheless, Petitioner argues that the U.S. Supreme Court's holdings in *Boykins v. Alabama*, 395 U.S. 238 (1969) and *McCarthy v. United States*, 394 U.S. 459 (1969) somehow support his assertion that the record in the case *sub judice* is inadequate to show that Petitioner knowingly and intelligently pleaded guilty. (*See* ECF No. 46 at 1–3.) Petitioner states, "Although the State violated [R]ule 11, the State court and this court rather be heard from a constitutional view point of due process," and he seeks to "amend his habeas petition to cure this defect." (*Id.* at 3 (errors in original).) From this convoluted line of argument, Petitioner proceeds to an irrelevant discussion of case law regarding amendment of his petition. (*Id.* at 3.)

*Boykins* and *McCarthy* have no impact on Petitioner's Rule-11-based claim in Ground One. Petitioner's arguments fail to point the Court to any error in the Magistrate Judge's analysis or recommendation regarding Ground One. Therefore, the objection is overruled.

**B. Ground Two**

Petitioner's second Ground for relief—in which he claims that his trial counsel was ineffective "for [counsel's] failure to adequately inform[] [Petitioner] of the possibility to suppress evidence gathered from law enforcement's warrantless placement of a mobile
3

tracking device on his vehicle" (*see* ECF No. 1 at 7)—was properly exhausted in the state courts. In considering the merits of Ground Two, the Magistrate Judge found that the South Carolina Supreme Court's denial of Petitioner's ineffective assistance claim was neither contrary to nor an unreasonable application of applicable Supreme Court precedent, specifically *Strickland v. Washington*, 466 U.S. 668 (1984) and *Hill v. Lockhart*, 474 U.S. 52 (1985). (ECF No. 36 at 19–29.) Accordingly, the Magistrate Judge concluded that Petitioner is not entitled to habeas relief on this Ground and that the motion for summary judgment should be granted. (*Id.* at 29.)

Petitioner begins his objections regarding Ground Two by reciting the South Carolina Supreme Court's statement of the factual background of the case (*see* ECF No. 46 at 5–6), summarizing and quoting his own assertions regarding the GPS tracker issue at the PCR hearing (*see id.* at 7–9), quoting his trial counsel's PCR testimony regarding the GPS tracker issue (*see id.* at 9–11), and quoting the PCR court's ruling on the GPS tracker issue (*see id.* at 11–15). Next Petitioner cites numerous cases pertaining to the standard for ineffective assistance of counsel claims in the context of a guilty plea (*see id.* at 15–16) and the standard of review applicable to a PCR court's findings and conclusions in the context of a habeas petition (*see id.* at 16–18). However, Petitioner fails to even suggest any error in the Magistrate Judge's reasoning or recommendation regarding Ground Two. Therefore, to the extent Petitioner's assertions can be construed as an "objection," it is overruled.

**C. Ground Three**

The Magistrate Judge found that Ground Three—in which Petitioner contends that his trial counsel was ineffective for giving erroneous sentencing advice by "promis[ing] 10

4

and 15 years imprisonment under the terms of the plea agreement" (*see* ECF No. 1 at 8)—is procedurally defaulted and Petitioner cannot overcome the default because, although the claim was raised to and ruled on by the PCR court, it was not presented to the Supreme Court of South Carolina and is barred from federal habeas review absent a showing of actual innocence or cause and actual prejudice. (*See* ECF No. 36 at 17.) The Magistrate Judge concluded that Petitioner failed to make the necessary showing of actual innocence—namely, factual innocence, not merely legal insufficiency—and noted that Petitioner does not assert that he can establish cause for the default. (*See id.* at 17–19.) Accordingly, the Magistrate Judge recommends that Respondent be granted summary judgment on this claim. (*Id.* at 19.)

In his objections, Petitioner makes certain assertions and advances arguments under the heading, "PROCEDURAL BARR" [sic]. (*See* ECF No. 46 at 3–5.) In full candor, these assertions and arguments are confusing and difficult to follow. They do not point the Court to any error in the Magistrate Judge's findings or conclusions regarding Ground Three. Therefore, to the extent these assertions and arguments can be construed as an objection, it is overruled.

## **CONCLUSION**

After careful consideration of the relevant materials and law, and for the reasons set forth above, the Court ADOPTS the Report (ECF No. 36) of the Magistrate Judge and incorporates it herein. Accordingly, Petitioner's objections (ECF No. 46) are OVERRULED, Respondent's motion for summary judgment (ECF Nos. 12 & 13) is GRANTED, Petitioner's § 2254 habeas petition (ECF No. 1) is DENIED and DISMISSED

with prejudice, and a certificate of appealability is denied.[2]

**IT IS SO ORDERED.**

/s/ Bruce Howe Hendricks
United States District Judge

September 19, 2019
Charleston, South Carolina

---

[2] Title 28, Section 2253 provides in relevant part, that, "Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or (B) the final order in a proceeding under section 2255." 28 U.S.C. § 2253(c)(1). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this Court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the case *sub judice*, the legal standard for a certificate of appealability has not been met.